**COFFIELD v. COX et ux.**

**No. 5431.**

Court of Civil Appeals of Texas. Amarillo.

April 27, 1942.

Coffield & Cook, of Bowie, for appellant.

No brief filed for appellees.

JACKSON, Chief Justice.

This suit was instituted in the District Court of Montague County by the appellant, C. W. Coffield, against the appellees, E. R. Cox and wife, A. B. Cox, to enforce

specific performance of a written contract for the conveyance by appellees to appellant of an undivided one-half interest in the mineral rights to a certain 80 acre tract of land in Montague County fully described in the petition.

On separate pleas of privilege filed by the defendants the case was transferred to Kent County where it was tried on its merits.

The appellees answered by general denial and alleged that they were induced to enter into the contract sued on by false and fraudulent representations made to them by the appellant to the effect that there was no drilling within a distance of 20 miles of their mineral property; that most of the land in that section of the country was leasing for $1 per acre though some had leased for more and that the lease play had been over for some time. After they proposed to sell for $225, which proposition was accepted by appellant, they learned that such representations were false; that there were wells much nearer than 20 miles to their property; that mineral leases on land were selling for many times the price of $1 per acre and appellees' property had a value many times in excess of the $225 for which they had proposed to sell and that in making such proposal they had relied on the false representations of appellant.

The case was tried to a jury and on special issues and the answers thereto the court rendered judgment that the appellant take nothing by his suit and appellees go hence with their cost.

In response to the first four special issues submitted by the court, the jury found in effect that appellant on May 7, 1940, represented to appellee, E. R. Cox, that there was no well being drilled within 20 miles of the property but that such representation was not false and appellant did not know it was false although it was relied on by appellee Cox. In answer to special issues from 4 to 8, inclusive, the jury found in substance that appellant represented to appellee Cox that most of the land in that section had leased for $1 per acre and some leased for more but the lease play was then over and there was no leasing going on at that time; that such representations were false; that appellant knew they were false and that appellees relied on such representations in proposing to take $225 per acre for their land.

The appellant made a motion non obstante veredicto in which he urged the court to set aside the findings of the jury because the testimony was wholly insufficient to show the representations relied on were false and were fraudulent and shows that such representations were made more than five months before appellees proposed to sell for $225.

The contract, the specific performance of which is sought, consists of correspondence. On October 6, 1940 appellee, E. R. Cox, wrote the appellant the following letter:

"Mr. C. W. Coffield

"Bowie, Texas

"Dear Sir & Friend in ans to your letter will say I thought I had offered you a fair Deal when I offered you my intrust in 80 acre trac of land adjoining your place I have a friend here that has a place down there and he tells me not to sell to hold it But money talks with me and if you want to send me $225.00 you can have it if you will pay for fixing up the papers I didn't think I would take that little But I can't be there to see after it so Fix up the papers and send them out here and we will sign them and send them to you."

The record shows that on receipt of this letter the appellant immediately had a proper mineral deed prepared and on October 7th the First National Bank of Bowie, Texas, acting for appellant, through its cashier, David Warren, enclosed the deed in a letter to appellees for their signature, together with a check for $225 which the bank advised appellees was good and that it would pay it.

There is no contention that the correspondence was not sufficient to constitute a valid contract of sale, but the claim is that the contract was vitiated by the alleged fraud. The proof of the fraud is contained in two letters from Mr. Coffield to Mr. Cox, both dated nearly five months prior to the time the appellees proposed to accept the $225 for their property. The first letter bears the date May 7, 1940, is addressed to E. R. Cox at Jayton, Texas, and is as follows: "When you sold your land south of Bowie adjoining my place to Mr. Williams you reserved ½ mineral rights. While there is no well drilling within 20 miles of there yet some leasing is going on in that section of the county. Now what will you take for your interest in that tract provided I can trade with Mr.

Williams for the land." The second letter, dated May 15, 1940, to Mr. Cox, is in the following language: "Replying to your recent letter will say that nearly all the land in our section leased for $1.00 per acre but I got $2.00 for my tract. Later on some of it leased for more but the lease play has been over for some little time and there is nothing going on now. Your place could not lease at present even if you had a chance as some heirs of old man Williams by former wife are messing up the title by making claim to part of it. I wouldn't want to buy it at any price unless I could trade with you. If you will sell me your interest I will be glad to buy it and will pay you $150.00 cash for it. Let me hear from you."

■ It is obvious that the answers to the first four special issues do not support the fraudulent representations submitted therein and furnish no basis for the judgment rendered, the jury having ascertained that appellant made the representation that no well was drilling within 20 miles of the property involved but they also found that such representations were not false; therefore, they were true.

■ The law is settled that to constitute actionable fraud the representations relied on must be material and must be false at the time they were made. Wilson v. Jones, Tex.Com.App., 45 S.W.2d 572; Ore City Co. v. Rogers, Tex.Civ.App., 190 S.W. 226.

In Thurmond et al. v. Davis, Tex.Civ. App., 138 S.W.2d 181, 185, this court said: "It is elementary that to constitute actionable fraud it must appear, among other things, that the alleged representations upon which the fraud is predicated were false."

■ The appellant contends that the answers of the jury to special issues Nos. 5 to 8, inclusive, are wholly without support in the testimony. The alleged false representations submitted in these issues, it will be noted, were made on May 7 and 15, 1940, some five months before appellees' proposition to sell the mineral rights to appellant for $225 on October 6th thereafter. These representations were, in effect, as heretofore shown, that appellant represented that most of the land in that section had leased for $1 per acre, some for more, that the lease play was then over and no leasing was being done at that time; that such representations were false, known to be false by appellant and that appellees relied thereon. The appellant testified that on May 7th, the date of his first letter to appellee Cox, it was 23 miles from the land involved in controversy to where the nearest well was being drilled; that it was true that most of the land in that vicinity leased for $1 per acre; that six or seven thousand acres, some of it adjacent to appellees' land, had leased for that consideration; that the statement in the letter that the lease play was over was correct when the letter was written; that there was a well begun southeast of this property some time in June, but he had no information that such well was in contemplation in May at the time the letters were written; that he had accepted appellees' proposition to sell for $225 in good faith and was and had at all times been ready, willing and able to perform.

E. R. Cox testified that he did not know that there was any well drilling within 20 miles of his property in May, 1940.

Mr. Warren, the cashier of the bank, testified to forwarding the mineral deed and the check for the consideration on October 7th; that the land in the vicinity of the acreage involved in this controversy leased for $1 per acre, however, some was let for more; that there was no well in May within 20 miles of appellees' land but one was begun in June somewhere southeast of the land involved and another was started about August 1st.

The appellees filed no brief in the case and, in our opinion, they wholly failed to discharge the burden of proving that the representations submitted to the jury in special issues Nos. 5 to 8, inclusive, were false and fraudulent. Therefore, the judgment of the trial court is reversed and here rendered that appellant, C. W. Cofield, have and recover of and from E. R. Cox and A. B. Cox, an undivided one-half interest in the oil, gas and other minerals in and under the following described land situated in Montague County, Texas: "and being a part of F. P. Parsons Survey. Beginning at the E corner of G. Edwards 80 acre tract sold to G. Edwards by H. A. Baker; thence, W along the said G. Edwards S. B L 979 vrs.; thence, S 413 vrs.; thence E 160 vrs.; thence, S 160 vrs.; thence, E 817 vrs.; thence N 473 vrs. to the place of beginning, containing 80 acres of land, being the same land conveyed by E. R. Cox and A. B. Cox to one Williams by Deed recorded in Vol. 114, at page 92, Deed Records of Montague County, Texas, which Deed contained a reservation to

the Grantors of one-half of all Oil, Gas, and other minerals in and under said land, together with the right to lease said land, and to the bonus and rentals paid under such lease forever."